LANE, J.
If it be true, as the complainants claim, that the legislature had no authority to confer the county or public property on the turnpike company, and that the act passed on that subject is void; or if the company has exerted its corporate power, under the act, in an illegal way, to the injury of the complainants, then the company agents are trespassers, or the company having caused the act, are liable in case for the injury. In either case a court of law can afford them redress: (5 O. 224; 4 O. 513, 14.) Where simple compensation is sought for injury to real or personal prop-erty, a court of law is the proper tribunal to resort to, chancery does not take jurisdiction in such cases. If any jurisdiction of this subject pertained to this court, it must be to restrain the parties by injunction. We are not applied to for that purpose, nor is the case made one in which such a remedy would be effectual; the injury is .already done. Nor are we called upon to say that a court of law ought to give damages in such a case. The simple question before us is, whether equity will decree a compensation in damages for an injury to real property, by persons who are said to act without authority. We think equity will not make such a decree. The bill is dismissed.